UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLAUDIA ARIAS,<br><br>                    Plaintiff,<br><br>          v.<br><br>UNIVERSITY OF WASHINGTON TACOMA et al.,<br><br>                    Defendants. | CASE NO. 3:25-cv-05079-DGE<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO EXCLUDE ALLISON OSBORNE (DKT. NO. 75) AND MERRILL COHEN (DKT. NO. 89) |

This matter comes before the Court on Defendants' motions to exclude Plaintiff's witnesses Allison Osborne and Merrill Cohen.  (Dkt. Nos. 75, 89.)  For the reasons discussed herein, both motions are GRANTED.

**I     BACKGROUND**

This matter concerns Plaintiff's removal from the University of Washington Tacoma Bachelor of Arts in Social Work ("BASW") Program.  At issue are the expert reports of the experts named above.

ORDER GRANTING DEFENDANTS' MOTIONS TO EXCLUDE ALLISON OSBORNE (DKT. NO. 75) AND MERRILL COHEN (DKT. NO. 89) - 1

**A. Allison Osborne**

Osborne is a "forensic social worker with almost a decade of experience working with clients that are justice involved." (Dkt. No. 76 at 20.)  Since January 2022, Osborne has been employed as an owner, clinical social worker, and substance use disorder professional at Forensic Social Work Services in Mount Vernon, Washington. (*Id*.)  In this role Osborne interviews, diagnoses, and treats clients. (*Id*. at 20–21.)  She also works alongside attorneys, including by testifying in court. (*Id*. at 21.)  Osborne previously worked as a social worker for the Snohomish County Public Defender Association, as a clinician at Compass Health, and as a substance abuse professional at Lakeside Milam. (*Id*. at 21–23.)

Osborne provides her analysis on the topics of (1) First Amendment Rights and Retaliation, (2) Social Work Ethics and Standards, and (3) Trauma and Mental Health. Regarding First Amendment Rights and Retaliation, Osborne concluded that "[t]he defendants in this case ultimately infringed upon [Plaintiff]'s freedom of speech by [] denying her ability to speak freely while in the process of learning through muting information that demonstrated [Plaintiff] was not being discriminatory." (*Id*. at 13.)  With regard to Social Work Ethics and Standards, Osborne states—based on a principle that "[s]ocial workers' primary goal is to help people in need and to address social problems"—a "guiding value and ethical principle for social work is to meet people where they are at and help them address their problems.  This includes a teacher meeting a student where the student's knowledge level is at and guiding the student's education." (*Id*.)  Osborne concludes Plaintiff "was not met where she was at with her educational understanding, belief system, and story." (*Id*. at 14.)  Lastly, regarding Trauma and Mental Health, Osborne asserts Defendants' actions "resulted in [Plaintiff] experiencing severe mental health symptoms resulting in a current diagnosis of adjustment disorder with mixed

anxiety and depressed mood.  A mental health diagnosis that would never have occurred if [Plaintiff] had been treated with fairness, dignity and had the opportunity to learn as a student." (*Id*. at 15.)

### B. Merrill Cohen

Cohen has over thirty years of experience as a vocational consultant.  (Dkt. No. 90 at 13.) She has spent nearly twenty of those years as a vocational consultant and life care planner with Strategic Consulting Services, Inc.  (*Id*.)  In her role with Strategic Consulting Services, Inc., Cohen provides vocational rehabilitation assessments and conducts earning capacity analyses. (*Id*.)  Cohen was "asked to do a vocational assessment" for Plaintiff.  (*Id*. at 22.)  She identifies her role as to "essentially evaluate [Plaintiff's] vocational options given her current education versus her options had she completed the degree and also identify pathways for her to move forward."  (*Id*.)

Cohen identifies that Plaintiff would have graduated with a Bachelor of Social Work ("BSW") in June 2024.   (*Id* at 7.)  Cohen then concludes Plaintiff would have been eligible for the 11-month-long University of Washington Master of Social Work ("MSW") Advanced Standing Program.  (*Id*. at 8.)  Plaintiff would have then graduated from the MSW program by the end of 2025 and entered the workforce in January 2026.  (*Id*. at 8.)  Cohen opines the average income of individuals with Plaintiff's interests and without a bachelor's degree is $57,000 annually, as compared to the average $80,000 annual income social workers earn in the Seattle-Tacoma-Bellevue, Washington area.  (*Id*. at 9–10.)

Cohen calculated Plaintiff's costs to complete her social work degree by comparing tuition costs at four other universities.  (*Id*. at 9.)  The least expensive option—attending Pacific Lutheran University for two years followed by utilizing their BSW to MSW Advanced Standing

ORDER GRANTING DEFENDANTS' MOTIONS TO EXCLUDE ALLISON OSBORNE (DKT. NO. 75) AND MERRILL COHEN (DKT. NO. 89) - 3

Program—would cost $142,785.  (*Id*.)  Cohen opined the soonest Plaintiff could enter the workforce with her master's degree in social work would be December 2029.  (*Id*.)  Accordingly, Cohen concluded, best case scenario, instead of entering the workforce with a master's degree in January 2026, Plaintiff would only enter the workforce with the master's degree in January 2030.  (*Id*.)  Thus, at minimum, Plaintiff lost approximately $320,000 by having her entry into the workforce delayed by four years.  (*Id*. at 10.)

## II    LEGAL STANDARD

Federal Rule of Evidence 702 provides that a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

"[B]efore admitting expert testimony [under Rule 702], the district court must perform a gatekeeping role to ensure that the [proffered] testimony is both relevant and reliable." *United States v. Valencia-Lopez*, 971 F.3d 891, 897–898 (9th Cir. 2020) (citation modified).  Generally, "[e]xpert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry" and "reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013) (internal citation omitted).  The Ninth Circuit has cautioned district courts from weighing expert "conclusions or assum[ing] a factfinding role."

ORDER GRANTING DEFENDANTS' MOTIONS TO EXCLUDE ALLISON OSBORNE (DKT. NO. 75) AND MERRILL COHEN (DKT. NO. 89) - 4

*Elosu v. Middlefork Ranch, Inc.*, 26 F.4th 1017, 1020 (9th Cir. 2022).  The Court "is not tasked with deciding whether the expert is right or wrong, just whether [the] testimony has substance such that it would be helpful to a jury."  *Alaska Rent-A*-Car, 738 F.3d at 969–970.

The reliability inquiry "requires that the expert's testimony have a reliable basis in the knowledge and experience of the relevant discipline."  *United States v. Ruvalcaba-Garcia*, 923 F.3d. 1183, 1188–89 (9th Cir. 2019) (internal quotation marks omitted) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999)).  If an expert's opinion is found to be reliable, however, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."  *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. at 592, 596 (1993).

"Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry."  *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010) (quoting *United States v. Sandoval-Mendoza*, 472 F.3d 645, 654 (9th Cir. 2006)).  "Reliable expert testimony need only be relevant, and need not establish every element that the plaintiff must prove, in order to be admissible."  *Id*.  (citing *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1192 (9th Cir. 2007)).

The party seeking to introduce expert testimony evidence must show by a preponderance of the evidence that the testimony is admissible under Rule 702.  *Daubert*, 509 U.S. at 592, n.10. However, Rule 702 should be applied with a "liberal thrust" favoring admission.  *Messick v. Novartis Pharms. Corp.*, 747 F.3d 1193, 1196 (9th Cir. 2014) (quoting *Daubert*, 509 U.S. at 588).

ORDER GRANTING DEFENDANTS' MOTIONS TO EXCLUDE ALLISON OSBORNE (DKT. NO. 75) AND MERRILL COHEN (DKT. NO. 89) - 5

### III    ANALYSIS

**A.  Osborne's Opinions**

Defendants move to exclude Osborne's opinions because "(1) she impermissibly offers legal opinions; (2) her opinions are not based on reliable principles or methodology; (3) she failed to disclose the required materials in violation of Fed. R. Civ. P. 37(c)(1); and (4) her opinions are irrelevant and would be substantially more prejudicial than probative." (Dkt. 75 at 2.)  Each of Osborne's three conclusions—on the First Amendment, on Social Work Ethics and Standards, and on Trauma and Mental Health—is excludable for at least one of these reasons.

First, "an expert cannot testify to a matter of law amounting to a legal conclusion." *U.S. v. Tamman*, 782 F.3d 543, 552 (9th Cir. 2015).  Osborne's opinion that "[t]he defendants in this case ultimately infringed upon [Plaintiff]'s freedom of speech by [] denying her ability to speak freely while in the process of learning through muting information that demonstrated [Plaintiff] was not being discriminatory," amounts to an impermissible legal opinion and is inadmissible.

Second, as to Osborne's opinion that Defendants "did not adhere to social work ethical standards while interacting with" Plaintiff, such opinion is irrelevant as to Plaintiff's remaining claims.  Plaintiff's First Amendment claim turns on whether Defendants ultimately removed Plaintiff from the BASW Program based on defined professional standards or based on personal disagreements.  (*See* Dkt. No. 122 at 1–6.)  Similarly, Plaintiff's breach of contract claim is based on the Parties' reasonable expectations and whether the decision to terminate Plaintiff from the BASW Program was arbitrary and capricious or made in bad faith.  (*See id*. at 7–8.)  Neither of these two claims turn on whether Defendants adhered to "social work ethical standards while interacting with" Plaintiff.  Moreover, the Defendants were acting in their capacity as university educators and not in the capacity of social workers while interacting with

Plaintiff. Osborne offer no rationale why Defendants' interactions with Plaintiff, conducted in a university setting, would be governed by social work ethical standards for social workers interacting with clients.

Third, as for Osborne's opinion that Plaintiff suffers from adjustment disorder with mixed anxiety and depressed mood, Plaintiff failed to properly disclose all evidence relied upon and all documents supporting these opinions. The failure to fully disclose expert opinions as required by Federal Rule of Civil Procedure 26(a) results in exclusion "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). To determine whether failure was substantially justified or harmless, the Court looks at "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010). "The burden is on the party facing exclusion of its expert's testimony to prove the delay was justified or harmless." *Id.*

Here, Osborne did not produce her handwritten notes from her interview of Plaintiff (Dkt. No. 76 at 38) and did not produce the empirical screening tool forms she completed in evaluating Plaintiff (*id.* at 39–40). Osborne also did not produce the notes she took while reviewing depositions of various witnesses. (*Id.* at 46.) These documents are relevant to Osborne's opinions about Plaintiff's mental health diagnoses.

Notwithstanding, Plaintiff seeks to excuse her failure to timely produce various documents by arguing she appropriately supplemented her expert disclosure under Rule 26(e)(2) on March 11, 2026. (Dkt. No. 91 at 11.) However, when "[w]hat is set forth in the [supplemental disclosure] is the information, reasoning, and opinions that Rule 26 requires be

disclosed in the critical initial disclosure," a court will not permit supplemental expert disclosure. *Keener v. U.S.*, 181 F.R.D. 639, 940 (D. Mont. 1998); *see also Durham v. Cnty. of Maui*, No. 08-00342 JMS/RLP, 2011 WL 2532423, *8 (D. Haw. June 23, 2011) ("The duty to supplement does not provide the opportunity to add information that should have been initially provided under Rule 26(a)."). Moreover, the supplemental disclosure does not obviate the harm caused by the delay as the disclosure occurred after Osborne's deposition and after the discovery cutoff, which eliminated Defendants' ability to engage in further discovery.

Finally, Osborne's opinions also are not based on sufficient data or facts. Osborne identified she did not read or watch the entirety of the deposition testimony provided to her. (*See* Dkt. No. 76 at 42–43, 44, 45–46.) According to Osborne, she reviewed "everything that was necessary" to provide an opinion (*id*. at 46), but what she defined as necessary versus unnecessary is not clear as it does not appear she took the time to review all deposition testimony. Osborne also did not review any of Plaintiff's prior mental health medical records and had no knowledge as to whether Plaintiff previously received a mental health diagnosis. (*Id*. at 64–65.) She also incorrectly asserted Plaintiff was removed from Harner's course when she was in fact allowed to continue and passed the course. (*Id*. at 36.) Osborne further conceded she was uncertain of the timeline of conversations between Harner and Plaintiff. (*Id*. at 51.)

Accordingly, for the reasons identified above, the Court GRANTS Defendants' motion to exclude Osborne's opinions.

**B. Cohen's Opinions**

Defendants assert Cohen's opinions should be excluded because "(1) she relied upon insufficient or incomplete data, (2) her opinions are purely speculative, and (3) her opinions are not based on reliable principles or methodology." (Dkt. No. 89 at 3.)

ORDER GRANTING DEFENDANTS' MOTIONS TO EXCLUDE ALLISON OSBORNE (DKT. NO. 75) AND MERRILL COHEN (DKT. NO. 89) - 8

Cohen conducted a "vocational assessment and/or prepared a Life Care Plan" for Plaintiff.  (Dkt. No. 90 at 5.)  A vocational assessment is "an evaluation of an individual's employability and earning capacity based on . . . age, education, experience, and any impairments . . . . [and] the labor market[.]"  (*Id*. at 24–25.)  In preparing an assessment, Cohen normally requests discovery materials, employment history, medical records, earning records, and educational records for every client (Dkt. No. 90 at 59), although she notes not all clients will have all these types of materials and not all materials will be relevant in every matter (*id*. at 30.).   Of these, Cohen reviewed only Plaintiff's educational records.  Cohen could not recall if she reviewed Plaintiff's deposition transcript before writing her opinions (*id*. at 37–38) and acknowledged not having received discovery responses prior to issuing her report (*id*. at 39–40).  Cohen also did not receive or review Plaintiff's resume or employment history (*id*. at 38–39) or earning history (*id*. at 39).  And while Cohen did interview Plaintiff, Cohen never asked about Plaintiff's earnings history.  (*Id*. at 41–42.)  The Court finds information about a person's employment, earning history, and discovery materials are relevant to performing a vocational assessment.  (*See id* at 59.)  And although in certain instances such information may not be required, Cohen fails to identify why the information she requested, but did not receive or review, was unnecessary to formulate her opinions in this case.  Accordingly, Cohen's vocational assessment opinions are not reliable because they are based on insufficient facts and data.

In addition, Cohen's opinions are unduly speculative because Cohen assumes what Plaintiff's career path *could* have been had Plaintiff graduated from the BASW program.  Cohen identifies that upon graduation Plaintiff would (1) apply for and be accepted into a masters of social work program,[1] (2) attend and complete that program, (3) take and pass the social worker

---

[1] Specifically, an advanced standing master's program.

ORDER GRANTING DEFENDANTS' MOTIONS TO EXCLUDE ALLISON OSBORNE (DKT. NO. 75) AND MERRILL COHEN (DKT. NO. 89) - 9

licensing examination, (4) complete 3,000 to 4,000 hours of supervised social work, and (5) then apply for and obtain a full-time employment earning approximately $80,000 annually. (Dkt. No. 89 at 2, 6–7.) First, it is impossible to determine with any reasonable degree of certainty that Plaintiff would follow Cohen's assumed educational and employment path. And second, Plaintiff repeatedly emphasized her damages were based on the loss of her *bachelor*'s level degree, which contradicts the educational and employment future Cohen assumed. (*See* Dkt. No. 56 at 34) (expressing an intent to join Consejo Counseling after graduation); (*see also* Dkt. No. 102 at 1) ("I have been ineligible for jobs that require a bachelor level education when I anticipated working at that level in June of 2024[.]").

Finally, Cohen's report is not based on a reliable application of principles or methods. While Cohen identifies tests such as RAPEL and VADRE, she does not identify how those tests were applied in this case.

Accordingly, the Court GRANTS Defendants' motion to exclude Merrill Cohen as an expert witness.

**IV     ORDER**

Defendants' motions to exclude Allison Osborne (Dkt. No. 75) and Merrill Cohen (Dkt. No. 89) are GRANTED for the reasons identified herein.

Dated this 13th day of May, 2026.



David G. Estudillo
United States District Judge

ORDER GRANTING DEFENDANTS' MOTIONS TO EXCLUDE ALLISON OSBORNE (DKT. NO. 75) AND MERRILL COHEN (DKT. NO. 89) - 10